FILED
2019 Apr-18 PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  |
|---|---|---|
| PAMELA WHITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:18-cv-08037-LSC |
| | ) | (2:18-cr-00138-LSC-JEO) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

I. **Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Pamela Whitt ("Whitt"), through counsel, on December 21, 2018. (Doc. 1.) The Government filed its opposition to the motion (doc. 3), and Whitt replied (doc. 4). For the following reasons, the § 2255 motion is due to be denied without an evidentiary hearing.

II. **Background**

On July 17, 2018, Whitt pled guilty, pursuant to a written plea agreement, to two counts of Subscribing to a False Income Tax Return, in violation of 26 U.S.C.

1

§ 7206(1). This Court sentenced Whitt on November 27, 2011, to a term of imprisonment of 24 months as to counts 1 and 2, separately, to be served concurrently with each other, to be followed by a term of supervised release of 12 months. Judgment was entered the same day. Whitt was ordered to surrender to the custody of the U.S. Marshal by 12:00 p.m. on December 28, 2018.

Whitt did not appeal. Whitt filed this § 2255 motion, through new retained counsel different from her trial defense counsel, on December 21, 2018. On the same day, Whitt also filed a motion for an extension of time to surrender until February 1, 2019. This Court granted in part and denied in part that motion, giving Whitt until 12:00 p.m. on January 21, 2019, to surrender. On January 8, 2019, Whitt filed a second motion for an extension of time to surrender, this time until April 1, 2019. After holding two telephone conferences, this Court, on January 15, 2019, granted in part and denied in part the second motion, giving Whitt until 12:00 p.m. on February 19, 2019, to surrender. This Court warned Whitt that no further extensions would be allowed. Nonetheless, on February 18, 2019, Whitt filed a third motion for an extension of time to surrender until March 15, 2019. This Court denied the motion, ordering Whitt to surrender by 12:00 pm on February 19, 2019, or risk a warrant for her arrest being issued.

A review of the Bureau of Prisons' Inmate Locator database on this date reveals that Whitt is in custody.

**III. Discussion**

Whitt seeks release to a home program or community confinement rather than a period of incarceration. In support, Whitt argues that due to her medical condition, family situation, and employment, a departure or variance from a U.S. Sentencing Guidelines sentence is warranted. Most of the information that Whitt includes in her motion about her physical condition, personal and family situation, education, and employment was also contained in her Presentence Investigation Report, which this Court considered in determining her sentence. Whitt's motion is due to be denied for several reasons.

    **A.   Whitt's motion is barred by the appeal waiver in her plea agreement**

Whitt's signed plea agreement contains a waiver of the right to appeal and to file a post-conviction challenge through, among other things, a § 2255 motion, except in certain limited circumstances that are not applicable here. Based on that waiver, Whitt is precluded from seeking a sentence reduction.

The validity of an appeal waiver is reviewed *de novo*. *United States v. Weaver*, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001) (citing *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993)). Such a waiver "is enforceable if the waiver is made

knowingly and voluntarily." *Weaver*, 275 F.3d at 1333 (citing *Bushert*, 997 F.2d at 1350-51). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *Id.*

Here, during the change of plea hearing, this Court questioned Whitt about the plea agreement, specifically addressing the waiver:

> THE COURT: Turn to page 15. Is that your signature?
>
> [Whitt]: Yes, sir.
>
> THE COURT: When you signed it there, were you telling me that you knew that section was in there, that section being the waiver of your right to appeal or file a post conviction petition?
>
> [Whitt]: Yes, sir.

(Doc. 3-1 at 13.)

Because this Court specifically questioned Whitt about the waiver, it is valid and enforceable. Indeed, Whitt admits in her § 2255 motion that she "does not state she did not sign the plea agreement voluntarily." (Doc. 4 at 4.) While Whitt does state that she was "under duress/pressure to sign [the plea agreement] due to this being her first criminal charges and she has been completely distraught" (*id.*),

4

her sworn statements at the time of the change of plea hearing contradict this claim. Whitt testified during her change of plea hearing that her plea was knowing and voluntary and that no one had threatened, forced, or coerced her to plead guilty. (Doc. 3-1 at 13.) A defendant's sworn statements made during a plea colloquy are presumed true. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In sum, because Whitt's request for a sentence reduction is barred by the appeal waiver in her plea agreement—and does not fall within either of the two exceptions to the appeal waiver (appeals of sentences in excess of the applicable statutory maximum sentence and sentences in excess of the guidelines sentencing range)—her request is barred from review.[1]

---

[1] The Court notes that the third exception to the appeal waiver contained in Whitt's plea agreement is for claims of ineffective assistance of counsel. Whitt makes no cognizable claim of ineffective assistance of counsel in her § 2255 motion, but she does mention in passing that "she was informed by her attorney prior to sentencing that he had talk [sic] to the U.S. Attorney and that [sic] discuss the recommendation of probation only to the Judge." (Doc. 4 at 4.) Insofar as Whitt is complaining about her attorney's performance when she makes this statement, any claim of ineffective assistance is waived as not properly developed or articulated. *See United States v. Gibbs*, 662 F.2d 728, 730 (11th Cir. 1981) (holding that the district court properly concluded that § 2255 petitioner waived his contentions concerning false testimony where the allegations were not developed or argued). In any event, any claim of ineffective assistance of counsel regarding an alleged failure to recommend a probation-only sentence is contradicted by the record, insofar as Whitt's signed plea agreement warned her not only that the U.S. Sentencing Guidelines were advisory and that sentencing was in the discretion of the judge, but that any sentence recommended by the Government was not binding on this Court. (*See* doc. 18 in 2:18-cr-00138-LSC-JEO). The Court echoed these warnings during Whitt's change of plea hearing:

> THE COURT: LET'S TALK ABOUT THE STATUTORY RANGE OF PUNISHMENT. THERE IS TWO RANGES OF PUNISHMENT. ONE IS THE GUIDELINES RANGE

## B. Whitt's claim is not cognizable on collateral review

Aside from being barred by her appeal waiver, Whitt's request for a sentence reduction is not cognizable on collateral review. Generally, unless the claimed error in a § 2255 proceeding involves a lack of jurisdiction or a constitutional violation, relief is limited. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).[2] An error that

> AND IT IS ADVISORY. HAS YOUR LAWYER TALKED TO YOU ABOUT THE SENTENCING GUIDELINE RANGE IN YOUR CASE?
>
> THE DEFENDANT: YES, SIR.
>
> THE COURT: HAS HE GIVEN YOU WHAT HE THINKS IT WILL END UP BEING?
>
> THE DEFENDANT: YES, SIR.
>
> THE COURT: AND HE MIGHT HAVE IT RIGHT. NOBODY CAN TELL YOU THOUGH FOR SURE WHAT YOUR GUIDELINE RANGE WILL END UP BEING. AND HE MIGHT HAVE EVEN TALKED TO PROBATION TO HELP GET THAT GUIDELINE RANGE. BUT I AM TELLING YOU THAT I CAN'T EVEN GIVE YOU FOR SURE WHAT YOUR GUIDELINE RANGE WILL BE UNTIL WE HAVE YOUR SENTENCING HEARING AND I RULE ON WHAT COMES IN AND WHAT DOESN'T. DO YOU UNDERSTAND THAT?
>
> THE DEFENDANT: YES, SIR.

(Doc. 3-1 at 10). In sum, Whitt was aware that a probation-only sentence was certainly not guaranteed.

---

[2]  The Court notes that Whitt's motion is titled as being filed pursuant to § 2255, and that she is seeking collateral relief through the benefit of counsel, but in an abundance of caution, the Court notes that none of the other methods in which to modify a sentence of imprisonment are available to Whitt. The authority of a district court to modify a sentence of imprisonment is narrowly limited by statute. Specifically, 18 U.S.C. § 3582(c) provides that a court may not

is not jurisdictional or constitutional will form the basis for § 2255 relief only where "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. at 185. A non-constitutional error that results in a miscarriage of justice "should present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962). Errors that seriously undermine the validity of criminal proceedings have been held to constitute a miscarriage of justice. *See, e.g., Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that a prisoner's claim that he was convicted for a legal act was cognizable under § 2255); *United States v. Behrens*, 375 U.S. 162, 164-66 (1963) (holding that a prisoner was entitled to relief under § 2255 where his sentence was imposed outside of the prisoner's or counsel's presence). Here, Whitt's request for a sentence reduction is not cognizable under § 2255 because it is not a constitutional error and does not

---

modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see* 18 U.S.C. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see* 18 U.S.C. § 3582(c)(2). *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Whitt does not claim to meet any of the above requirements. Specifically, she does not claim any other statutory authority is applicable here that might afford a basis for relief under 18 U.S.C. § 3582(c)(1)(B). She cannot fall under Rule 35(a) of the Federal Rules of Criminal Procedure because her motion, filed on December 21, 2018, was more than 14 days after sentencing on November 27, 2018, and outside the 14-day window for correcting a sentence under Rule 35(a). Even assuming otherwise, she does not present any "clear error" in the imposition of her sentence as required by Rule 35(a).

rise to the level of a miscarriage of justice. *See Hunter v. United States*, 559 F.3d 1188, 1190-91 (11th Cir. 2009) (holding that, even though the prisoner likely was erroneously sentenced as an armed career criminal under the Sentencing Guidelines, his claim did not warrant a COA because a sentencing error, standing alone, generally is not cognizable under § 2255).

## IV. Conclusion

For the foregoing reasons, Whitt's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Whitt's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON APRIL 18, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704